UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE THE ESTATE OF JUSTIN M. MAGLEBY, Deceased, by and through STEVEN R. MAGLEBY, Personal Representative and on behalf of the Estate's statutory beneficiaries,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; NORTHWEST HELICOPTERS, LLC, a Washington Limited Liability Company; MACKAY & SPOSITO INC., a Washington Corporation,<br><br>Defendants. | CASE NO: 1:23-CV-3060-TOR<br><br>ORDER GRANTING UNITED STATES' MOTION TO DISMISS |

BEFORE THE COURT is the United States' Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(h)(3). ECF No. 32. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, the completed briefing, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss is granted.

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 1

Justin Magleby was an apprentice lineman employed by PAR Electrical Contractors, LLC ("PAR"), an independent contractor hired by the Bonneville Power Administration ("BPA") to perform maintenance on the Olympia-Grand Coulee transmission line in rural Kittitas County. Mr. Magleby tragically died while he was performing maintenance work as a PAR employee. Tools on a ladder he was descending contacted a line carrying induced voltage. PAR employees failed to correctly ground the circuit before commencing work on the line and Mr. Magleby did not maintain an appropriate distance from the line.

## I.     Standard of Review

The Federal Rules of Civil Procedure provide for the dismissal of a complaint for lack of subject-matter jurisdiction. See Fed. R. Civ. P. 12(b)(1) and 12(h)(3). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. "[I]n a factual attack," on the other hand, "the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id*. "In resolving a factual attack on jurisdiction," the Court "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id*. The

Court "need not presume the truthfulness of the plaintiff's allegations" in deciding a factual attack. *Id*.

The United States is immune from civil liability unless it consents to be sued. *See Dalehite v. United States*, 346 U.S. 15, 30 (1953) (citing *Feres v. United States*, 340 U.S. 135, 139 (1950)). The FTCA provides a limited waiver of that sovereign immunity, under which "the United States is liable to the same extent as a private party for certain torts of federal employees . . . 'in accordance with the law of the place where the act or omission occurred.'" *Autery v. United States*, 424 F.3d 944, 956 (9th Cir. 2005) (quoting 28 U.S.C. § 1346(b)(1)). In relevant part, § 1346(b)(1) provides that the United States may be sued:

> . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

The FTCA's limited waiver of sovereign immunity explicitly excludes "any contractor with the United States" from its definition of "[e]mployee of the government." 28 U.S.C. § 2671 ("but does not include any contractor with the United States."). This exclusion is known as the "independent contractor exception" to the FTCA. Courts have construed the independent contractor exception to protect the United States from vicarious liability for the negligent acts

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 3

of its independent contractors.  *See Yanez v. United States*, 63 F.3d 870, 872 n.1 (9th Cir. 1995).  "Since the United States can be sued only to the extent that it has waived its immunity, due regard must be given to the exceptions, including the independent contractor exception, to such waiver."  *United States v. Orleans*, 425 U.S. 807, 814 (1976).

## II.  Whether Private Person would be Liable under Washington Law

The law as set forth by the Supreme Court of Washington in *Tauscher v. Puget Sound Power & Light Co.*, 96 Wash. 2d 274 (1981), controls this decision. In that case, an employee of an independent contractor was working on certain high voltage lines for Puget Power and was electrocuted.

"The common law rule is that one who engages an independent contractor is not liable for injuries to employees of the independent contractor resulting from the contractor's work."  *Id*. at 277.  The "inherently dangerous nature" of the work does not provide an exception to this rule in Washington.  "When work by its very nature creates some peculiar risk of injury, and the general contractor has reason to know of the inherent hazards of the work, the general contractor has a duty to take reasonable precautions against those hazards."  *Kelley v. Howard S. Wright Constr. Co.*, 90 Wash.2d 323, 332 (1978); *see also Tauscher*, 96 Wash. 2d at 279 ("We adhere to the rule reaffirmed in the *Epperly* case that the employer's liability does not extend to employees of independent contractors merely because of the presence

of inherently dangerous activities."). "Although electrical work is considered by most to be an inherently dangerous activity, it is not necessarily inherently dangerous to experienced linemen." *Tauscher*, 96 Wash. 2d. at 280.

Plaintiff's endless citations to the Contract between the BPA and PAR do not show that the BPA was ultimately or only responsible for safety. PAR had that obligation as demonstrated by the wording in the contract. While BPA could stop work for certain reasons, it was not on site and did not control the safety of every employee for the independent contractor, PAR.

According to the Contract, PAR was "responsible for proper safety and health precautions to protect the work, the workers, the public, and the property of others." *See* ECF No. 33 at ¶ 8. It was PAR's responsibility to establish project plans, provide project management, procure all materials, provide and oversee safety, labor, and equipment. *Id*. at ¶ 10.

The multiple cases cited by Plaintiff are inapplicable to the facts of this case.

According to the Federal Tort Claims Act, the United States has not waived sovereign immunity with respect to the allegations made against it.

### III. No Remaining Jurisdiction

Because jurisdiction was based on the Federal Tort Claims Act, ECF No. 13, First Amended Complaint, this Court no longer has jurisdiction to proceed against the remaining two Defendants. There is no diversity jurisdiction. According to 28

U.S.C. § 1367(d), the period of limitations for any claim shall be tolled for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. The United States' Motion to Dismiss, ECF No. 32, is **GRANTED**. The Complaint against the United States is **DISMISSED** with prejudice.

2. The Complaint against the remaining two Defendants is **DISMISSED without prejudice.**

3. All deadlines, hearings and trial are **VACATED**.

The District Court Executive is directed to enter this Order and Judgment, furnish copies to the parties, and **CLOSE** the file.

DATED February 29, 2024.



THOMAS O. RICE
United States District Judge

ORDER GRANTING UNITED STATES' MOTION TO DISMISS ~ 6