UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE THE ESTATE OF JUSTIN M. MAGLEBY, Deceased, by and through STEVEN R. MAGLEBY, Personal Representative and on behalf of the Estate's statutory beneficiaries, | CASE NO: 1:23-CV-3060-TOR ORDER DENYING MOTION FOR RECONSIDERATION |
| Plaintiff, | |
| v. | |
| UNITED STATES OF AMERICA; NORTHWEST HELICOPTERS, LLC, a Washington Limited Liability Company; MACKAY & SPOSITO INC., a Washington Corporation, | |
| Defendants. | |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration. ECF No. 48. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion for Reconsideration is denied.

ORDER DENYING MOTION FOR RECONSIDERATION ~ 1

I.    **Standard of Review**

A motion for reconsideration of a judgment may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (citation omitted). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to alter or amend a judgment. *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009) (quotation marks and citations omitted); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). Evidence available to a party before it files its opposition is not "newly discovered evidence" warranting reconsideration of

summary judgment.  See *Frederick S. Wyle Prof'l Corp. v. Texaco, Inc.*, 764 F.2d 604, 609 (9th Cir. 1985).

## II.    Dismissal of the United States

The Court has thoroughly reviewed Plaintiff's arguments concerning the United States and concludes that no error has been committed.  The law as set forth by the Supreme Court of Washington in *Tauscher v. Puget Sound Power & Light Co.*, 96 Wash. 2d 274 (1981), controls this Court's decision.  While BPA could stop work for certain reasons, it was not on site and did not control the safety of every employee for the independent contractor, PAR.

According to the Contract, PAR was "responsible for proper safety and health precautions to protect the work, the workers, the public, and the property of others."  *See* ECF No. 33 at ¶ 8.  It was PAR's responsibility to establish project plans, provide project management, procure all materials, provide and oversee safety, labor, and equipment.  *Id*. at ¶ 10.  Washington law does not make the BPA liable.

According to the Federal Tort Claims Act, the United States has not waived sovereign immunity with respect to the allegations made against it.

## III.    Dismissal of the Remaining Defendants without Prejudice

Plaintiff filed an original Complaint and later, an Amended Complaint.  ECF Nos. 1 and 13.  This Court entered a Jury and Bench Trial Scheduling Order on

October 13, 2023 which required "[a]ny motion to amend the pleadings or add parties shall be filed no later than December 29, 2023." ECF No. 29 at ¶ 3. No motion to amend was ever filed to establish jurisdiction over the remaining two Defendants. Plaintiff now brings forth additional evidence alleging diversity jurisdiction that was not before the Court at any time previously.

The Court dismissed these remaining two Defendants without prejudice so Plaintiff can make the proper allegations and sue them in the proper forum. The motion to reconsider as to these Defendants is denied. According to 28 U.S.C. § 1367(d), the period of limitations for any claim shall be tolled for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Motion for Reconsideration, ECF No. 48, is **DENIED**.

The District Court Executive is directed to enter this Order and furnish copies to the parties. The file remains **CLOSED**.

DATED March 14, 2024.



THOMAS O. RICE
United States District Judge